# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2026

Lyle W. Cayce
Clerk

No. 25-60701
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BILLY D. COOPER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:01-CR-8-1

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

In 2002, a jury convicted Billy Cooper of conspiracy, carjacking resulting in death, use of a firearm during a crime of violence, and interstate transportation of a stolen vehicle. Although the Government sought the death penalty, the jury recommended (and the court imposed) a sentence of life without the possibility of release on the carjacking count. *See* 18 U.S.C.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60701

§§ 3593(e), 3594. The court also sentenced Cooper to 57 months each on the conspiracy and stolen-vehicle charges, to run concurrently with each other and with the carjacking sentence, and 120 months on the firearm charge, to run consecutively to all other sentences.

In 2024, the district court—acting on its own motion—reduced Cooper's sentence on the conspiracy and stolen-vehicle counts to 46 months each, relying on a retroactive change in the Sentencing Guidelines. *See id.* § 3582(c)(2). Cooper, however, moved for reconsideration, arguing that the district court had miscalculated the sentence reduction. The district court construed the motion for reconsideration as challenging not only its order granting a sentence reduction, but also previous orders denying compassionate release. The district court denied reconsideration, and Cooper now appeals.

On appeal, Cooper argues that the district court erroneously separated the carjacking count from the conspiracy and stolen-vehicle counts when those counts should have been treated as one unit for sentencing purposes. Had the district court correctly grouped the offenses, Cooper argues, his life without possibility of release sentence for carjacking would have been reduced to five years (the maximum for his conspiracy charge). It is not clear whether Cooper's argument rests on the Sentencing Guidelines provisions that govern offense-level calculations for multiple counts, *see* U.S.S.G. § 3D1.1 *et seq.*, or on the Double Jeopardy Clause. Either way, the argument is without merit. Because the jury unanimously recommended life without the possibility of release for the carjacking charge, 18 U.S.C. § 3594 required the district court to "sentence the defendant accordingly," and Cooper's life sentence therefore rested on the statutory command rather

than on any Guidelines range.[1] A retroactive Guidelines amendment could not reach it. *See* 18 U.S.C. § 3594; *Dillon v. United States*, 560 U.S. 817, 825–26 (2010) (a § 3582(c)(2) reduction is available only where a defendant's sentence was "based on" range the Commission later lowered). And Cooper's suggestion that the Double Jeopardy Clause prevented sentencing him on both the conspiracy and carjacking charge is meritless because "conspiracy to commit an offense and the offense itself . . . are separate offenses for double jeopardy purposes." *United States v. Felix*, 503 U.S. 378, 390–91 (1992).

Finally, Cooper argues that his counsel should have consulted him prior to filing a motion for a sentencing reduction. However, the docket shows that no attorney filed a motion for a sentence reduction on Cooper's behalf. Rather, the district court granted a sentence reduction on its own motion. This argument is likewise without merit.

Cooper has not shown that the district court abused its discretion in denying reconsideration. *See United States v. Rabhan*, 540 F.3d 344, 347 (5th Cir. 2008). We AFFIRM.

---

[1] Although the district court relied on a retroactive change in the Guidelines to reduce Cooper's sentence on the conspiracy and stolen-vehicle counts, the provisions making carjacking resulting in death eligible for the death penalty and requiring the district court to impose a sentence of life without the possibility of release upon the jury's recommendation remain in effect. *See* 18 U.S.C. §§ 2119(3), 3594.